UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT CLAUDIO,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>WARDEN,<br><br>　　　　Respondent. | CAUSE NO. 3:18-CV-508-RLM-MGG |

## OPINION AND ORDER

　　Robert Claudio, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decisions (WCF-18-02-333, WCF-18-02-334) at the Westville Correctional Facility in which a disciplinary hearing officer found him guilty of engaging in an unauthorized financial transaction in violation of Indiana Department of Correction Offense 220. Following a disciplinary hearing, he was sanctioned with a loss of sixty days earned credit time and three hundred sixty days in restrictive housing.

　　Mr. Claudio argues that he is entitled to habeas relief because he didn't engage in an unauthorized financial transaction but instead engaged in financial transactions with his cousin to sell pallets of products purchased on eBay and to purchase gifts for his children. The Warden responds that administrative records contain enough evidence to show that Mr. Claudio was engaged in a trafficking operation.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that

the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental policy defines Offense 220 as the "engaging in or possessing material used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit card, or any other card used to complete a financial transaction." ECF 11-13. According to departmental policy, inmates are generally prohibited from engaging in otherwise lawful business activities due to the risk of fraud and trafficking. Indiana Department of Correction, Policy No. 02-01-116, Offender Business Activities, available at https://www.in.gov/idoc/files/02-01-116_Offender_Business_Activities_5-16-06.pdf.

The administrative record includes a series of conduct reports describing four separate telephone calls as follows:

> **WCC-18-02-331:** On December 9, 2018, at approximately 12:23 p.m., Offender Claudio made a phone call to 215-678-8148 listed on his phone list as Jen Kramer. Offender Claudio asked her if she had picked up the 2 ¼ and she said she did. Kramer then asked Claudio if he remembered the person she was supposed to give a half to and he said yes. Kramer said that they were asking for 1 1/2 and Claudio told Kramer no. He said that he had already taken care of 1 of it. Claudio also added that more people would be calling her during the day.
>
> **WCC-18-02-332:** On December 12, 2017 at approximately 3:45 p.m., Offender Claudio made a phone call to 215-378-8148 listed on his phone list as Jen Kramer. Claudio gave her a phone number 695-077-1411 that number belongs to Kaylie Grace. Claudio told Kramer it was for 2. He instructed her to keep 1 1/2 of it because

2

he wanted her to do something else with it. He told Kramer that she could spent 50 of it.

**WCC-18-02-333:** On December 8, 2018 at approximately 4:22 p.m., Offender Claudio made a phone call to 215-678-8148 listed on his phone list as Jen Kramer. Offender Claudio told Kramer that he had given her the wrong phone number for Theresa earlier. Kramer said that she spoke with Theresa. Kramer told Theresa Carter that was going to do Walmart for $50.00. Claudio then told Kramer she shouldn't say that.

**WCC-18-02-334:** On December 6, 2018 at approximately 2:34 p.m., Offender Claudio made a phone call to 215-678-8148 listed on his phone list as Jen Kramer. Offender Claudio asked Kramer if the lady had called her yet and she said no, she was text instead. Claudio said she was going to give Kramer another 3 and she was to send 1/2 of that to the other number he had given her. Kramer was then told she could keep 1/2. Claudio asked Kramer if the other 3 was there the previous night when she went to pick it up and she said it was.

ECF 9-1; ECF 9-3; ECF 11-1; ECF 11-7.

In each of these conduct reports, the investigating officer described the language used in the conversations as "consistent with terminology utilized by offenders that suggests code for currency." The administrative record also includes an investigative report with information indicating that Mr. Claudio was trafficking. These reports constitute some evidence that Mr. Claudio engaged in two unauthorized financial actions Therefore, the claim that the hearing officer lacked sufficient evidence for findings of guilt in WCF-18-02-333 and WCF-18-02-334 isn't a basis for habeas relief.

Mr. Claudio argues that he is entitled to habeas relief because he asked for the full recordings of his telephone conversations. He contends that the full recordings of these conversations would show that he engaged in financial transactions with his cousin to sell pallets of products purchased on eBay and

3

to purchase gifts for his children. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id. It's unclear why the hearing officer denied this request, but, given the broad scope of the disciplinary offense and the information contained in the investigative report, the denial of this request would, at most, amount to harmless error. The claim that Mr. Claudio didn't get the full recordings of his conversations is not a basis for habeas relief.

Mr. Claudio argues that he is entitled to habeas relief because the duration of the restrictive housing sanction was excessive. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009). Because placement in restrictive housing doesn't affect the fact or duration of Mr. Claudio's sentence, this claim isn't a basis for habeas relief.

Mr. Claudio argues that he is entitled to habeas relief because he didn't receive an adequate written explanation of the decision. Generally, State prisoners must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. However, "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28

4

U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." <u>Moffat v. Broyles</u>, 288 F.3d 978, 981-82 (7th Cir. 2002). Mr. Claudio didn't raise this claim on administrative appeal. ECF 11-11. Because it is procedurally defaulted, this claim is not a basis for habeas relief.

In sum, Mr. Claudio hasn't shown that he is entitled to habeas relief, and the habeas petition is denied. If Mr. Claudio wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. <u>See Evans v. Circuit Court</u>, 569 F.3d 665, 666 (7th Cir. 2009). He can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Robert Claudio leave to proceed in forma pauperis on appeal.

SO ORDERED on February 26, 2021

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT